IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TINA COMBS                                                                                          PLAINTIFF

            v.                              Civil No. 12-2169

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tina Combs, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed her original applications for DIB and SSI on December 8, 2009, alleging a disability onset date of August 15, 2009, due to bulging and thinning disks. Tr. 96-107, 139, 156-157, 172-173, 189, 197. Her applications were initially denied and that denial was upheld upon reconsideration. Tr. 39-49, 51-54. An administrative hearing was held on October 7, 2010. Tr. 22-38, 64-65. Plaintiff was present and represented by counsel. At this time, Plaintiff was 35 years old and possessed a limited education. Tr. 15, 25, 144. She had past relevant work

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

("PRW") experience as a cashier and certified nurse's aide ("CNA"). Tr. 15, 28-29, 140, 146-153.

On December 20, 2010, the ALJ found that Plaintiff's lumbar osteoarthritis, morbid obesity, chronic obstructive pulmonary disease ("COPD"), and situational depression were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 10-12. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to

> occasionally lift/carry ten pounds, frequently lift/carry less than ten pounds, sit for six hours during an eight-hour workday, and stand/walk for two hours during and eight-hour workday. She can occasionally climb, balance, crawl, kneel, stoop, and crouch, but she must avoid concentrated exposure to dusts, odors, gases, and pulmonary irritants. She can do work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment required; and supervision required is simple, direct, and concrete.

Tr. 12-15. With the assistance of a vocational expert, the ALJ found Plaintiff could perform work as an assembler or driver. Tr. 16.

The Appeals Council denied Plaintiff's request for review on June 11, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 7, 10.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

2

AO72A
(Rev. 8/82)

II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a

"claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, Plaintiff suffered from an impairment to her lower back complicated by morbid obesity. Records from the Good Samaritan Clinic dating back to February 2009, reveal consistent complaints of pain radiating into her right hip and down her leg. In October of 2009, a lumber MRI revealed disk desiccation at the L5-S1 level with a right lateral recess disk herniation that contacted and deviated the right Sl nerve root as well as right foraminal stenosis. Tr. 217, 252.

Between February 2009 and February 2010, physical examinations revealed tenderness to palpation in the lower back. Tr. 246-253. Her treatment included prescriptions for nonsteroidal antiinflammatory drugs and muscle relaxers. The doctor also noted that a charity application was completed in an attempt to qualify Plaintiff for services through the University of Arkansas Medical School. However, Plaintiff testified that she was unable to receive said services due to the absence of a vacancy within the program. Tr. 30-31.

On January 25, 2010, Plaintiff underwent a general physical examination with Dr. C.R. Magness. Tr. 218-225. An examination revealed an abnormal gait due to her back and right leg, a greatly decreased range of motion in both ankles and her lumbar spine, a poor ability to stand and walk without an assistive device, and an inability to walk on heel and toes and arise from a squatting position. Dr. Magness diagnosed Plaintiff with DDD at the L4-5 level with right

AO72A
(Rev. 8/82)

lower radiculopathy, obesity, COPD, and situational depression/marginal IQ. Tr. 224. . He then assessed her with severe limitations in the ability to walk, sit, carry, and lift and moderate to severe limitations in the ability to stand. Tr. 224.

Between June 2010 and January 2011, Plaintiff was treated in the emergency room on at least four occasions due to back pain. Tr. 298-367. In June, Plaintiff injured her lower back. An exam revealed severe tenderness to palpation of the sacrum. X-rays were negative, and she received a Demerol and Phenergan injection and prescriptions for Percocet and Lorazepam for a diagnosis of a sacrum contusion. In August, she returned with complaints of lower back pain and difficulty voiding. Plaintiff was diagnosed with acute pyelonephritis and a urinary tract infection and prescribed antibiotics and Hydrocodone.

In January 2011, Plaintiff slipped on icy steps and fell. Tr. 352-367. A physical exam revealed tenderness and pain to palpation of the left lumbosacral paraspinous and midline. Records indicate that she had been in the emergency room the night prior and received an injection for back pain. At this time, Plaintiff rated her pain as an 8 on a 10-point scale and indicated that it was aggravated by certain positions, twisting, and bending. She was given injections of Nubain, Phenergan, and Norflex and prescriptions for Hydrocodone, Prednisone, and Ibuprofen.

In light of Dr. Magness's assessment of severe limitations regarding Plaintiff's ability to sit and Plaintiff's reports of hip pain associated with prolonged sitting, we believe that remand is necessary to allow the ALJ to clarify what Dr. Magness meant by a "severe" impairment. *See Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (ALJ should recontact a treating or consulting physician if a critical issue is undeveloped or underdeveloped). As Dr. Magenss's

AO72A
(Rev. 8/82)

assessment is the only RFC assessment completed by an examining doctor, it is imperative that the ALJ obtain clarification and not make any assumptions regarding the doctor's conclusions. *See Wildman v. Astrue*, 596 F.3d 959, 967 (8th Cir. 2010) (opinions of non-examining physicians deserve little weight in the overall evaluation of disability). Further, given the evidence indicating that Plaintiff's ability to sit for extended periods of time is impacted by her impairment, inquiry should also be made of Dr. Magness as to whether Plaintiff would require a sit/stand option.

V. **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of August 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)